Appeal of **ARTHUR LONG**.                    Docket No. 409.

The determination of the Commissioner herein is approved on authority of *Appeal of Bernard Long*, 1 B. T. A. 792.

Submitted February 10, 1925; decided March 17, 1925.

*Mark Eisner, Esq.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

Before Ivins, Korner, and Marquette.

This is an appeal from a determination of the Commissioner proposing to assess an additional tax for the years 1918 and 1919 against the taxpayer in the amount of $4,227.09 by reason of the denial of a deduction for a loss sustained on a sale of property and claimed to have been sustained in said years. From the evidence introduced at the hearing the Board makes the following

FINDINGS OF FACT.

On or about September 30, 1916, the taxpayer herein, with others, as parties of the first part, made and entered into an agreement in writing with the Luzerne County National Bank, of the City of Wilkes-Barre, Pa., wherein and whereby the parties of the first part agreed to sell to the bank certain real estate situated in said city for the sum of $88,750, which property the bank desired to obtain for the purpose of erecting thereon a banking house for its own occupancy. The property consisted of two contiguous lots upon which there were existing leases, one expiring on April 1, 1918, and the other expiring on April 1, 1919.

The contract provided that a deed for the property should be delivered to the bank and upon delivery thereof the bank was to pay to the grantors the sum of $25,000, upon which amount the grantors agreed to pay the bank interest at the rate of 4½ per cent per annum

until delivery of possession of the entire premises on April 1, 1919. It was further agreed that upon delivery of the deed the bank should give to the grantors a mortgage for $63,750 upon the property described in the deed, payable April 1, 1919, without interest, as security for a bond conditioned for the payment of the amount named in the mortgage on said April 1, 1919, being the balance of the purchase price. The agreement further recited that by reason of the existing leases the grantors could not deliver possession of the premises, and it was agreed that possession of part should be delivered on April 1, 1918, and of the other part on April 1, 1919. The agreement recites that, as the purchase price includes the amount agreed upon as the portion the bank may be called upon to contribute as owner toward the erection of a party wall built in accordance with the building code of the City of Wilkes-Barre on the dividing line between the land conveyed to the bank and the other land, the grantors were to assume responsibility for the cost thereof.

All rentals upon the premises until delivery of possession were to belong to the grantors, and all taxes to that time paid by the grantors. The bank, as mortgagor, was not to be required to carry any insurance, nor pay premiums thereon, for the protection of the grantors, as mortgagees. It was provided that if the grantors could deliver possession prior to April 1, 1919, and the bank take entire possession thereof prior to that date, the bank would forthwith pay off its mortgage, and the taxes for the current year should be adjusted to that date, and the interest payable to the bank by the grantors should be payable only to that date.

Pursuant to said agreement, and during the year 1916, a deed was executed by the grantors and delivered to the bank, and the sum of $25,000, as part of the purchase price, was paid by the bank to the grantors. Simultaneously with the delivery of said deed, a mortgage was executed and delivered by the bank to the said grantors to secure the payment of the sum of $63,750, which said deed and mortgage were, during said year 1916, duly recorded in the proper office for the recording of transfers of real estate. Actual possession of the two parcels described in the contract was delivered to the bank in April, 1918, and April, 1919, respectively, and the taxpayer deducted as a loss in the respective years his proportionate share of the loss sustained on the sale of the property. The Commissioner held the transaction a closed one in the year 1916 and has disallowed the deduction in the years 1918 and 1919.

DECISION.

The determination of the Commissioner is approved.

OPINION.

MARQUETTE: The facts in this appeal arose out of the same transaction as in the *Appeal of Bernard Long*, 1 B. T. A. 792, and this appeal was submitted at the same time. For the reasons stated therein the determination of the Commissioner must be approved.